IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DIEGO ANDRES HERRERA-ACUNA PETITIONER

VS. CIVIL ACTION NO.5:25-CV-85-DCB-BWR

MELLISA B. HARPER, ET AL. RESPONDENTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 13] of the United States Magistrate Judge entered herein on August 20, 2026, in this action brought pursuant to 28 U.S.C. § 2241. Diego Andres Herrera-Acuna, a native and citizen of Columbia, challenges his immigration detention and, in sum, requests (1) immediate release from U.S. Immigration and Customs Enforcement ("ICE") custody with an individualized bond hearing and (2) an order preventing his removal while his § 2241 Petition is pending. See Am. Pet. [ECF No. 2]. Herrera-Acuna has filed a Motion for Temporary Restraining Order [ECF No. 3] seeking the same relief as his Petition and a Motion to Expedite Consideration of his Petition [ECF No. 11].

In the Report, Judge Rath recommended that Herrera-Acuna's Motion for Temporary Restraining Order [ECF No. 3] and Motion to Expedite Consideration of his Petition [ECF No. 11] be denied.

Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, Herrera-Acuna had fourteen days to file specific written objections to the Report. He did not do so. However, on September 14, 2026, Petitioner's Motion for Leave to File Objections Out of Time [ECF No. 14] were filed. The Court hereby grants the Motion [ECF No. 14] and, accordingly, the Court will consider Petitioner's Objections as timely filed.

For the reasons discussed below, the Court adopts Judge Rath's Report in full. Consequently, Petitioner's Motion for Temporary Restraining Order [ECF No. 3] and Motion to Expedite Consideration of his Petition [ECF No. 11] are hereby denied. Even so, the Court points out that Herrera-Acuna's Petition remains pending.

I. BACKGROUND

As discussed in the Report, Petitioner entered the United States illegally on June 28, 2022, and he was processed and released by United States Border Patrol. Report [ECF No. 13] at 1. He lived in the United States until he was detained by Immigration and Customs Enforcement ("ICE") on October 24, 2025. Id. Herrara-Acuna has been in ICE detention since October 24, 2025, while his removal proceedings have been ongoing. Id. On December 29, 2025, an immigration judge ordered that Herrera-Acuna be removed from the United States "to Ecuador, and in the alternative, Honduras, based on the Asylum Cooperative Agreements with Ecuador and Honduras." Immigration Judge Order [ECF No. 3-

6] at 2. Petitioner appealed that decision to the Board of Immigration Appeals on January 19, 2026, and it remains pending. See https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 23, 2026).

II. STANDARD OF REVIEW

When a party objects to a Report and Recommendations, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

III. DISCUSSION

Petitioner objects to the Report and argues that the Magistrate Judge did not properly address his statute-based and substantive due process claims that challenge the government's failure to give him an individualized bond determination, not his removal. He also asserts that the Report erred in interpreting Supreme Court and Fifth Circuit precedent as it applies to him. See Objection [ECF No. 14] at 3-7. All of these arguments reformulate and expand upon the arguments that Herrera-Acuna made in his Motion for Temporary Restraining Order [ECF No. 3].

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err. At this juncture, the Fifth Circuit has clearly stated that "unadmitted aliens are ineligible for release on bond, regardless of how long they have resided in the United States." Buenrostro v. Bondi, 166 F.4th 494, 500 (5th Cir. 2026). And although a panel of the Fifth Circuit recently held that the "Fifth Amendment protects resident aliens from unreasoned, indefinite detention," that decision has been withdrawn and will be considered by the full court en banc. See Rodriguez v. Ortega, 180 F.4th 702, vacated and reh'g en banc granted, 181 F.4th 608 (5th Cir. 2026). Thus, until the Fifth Circuit states otherwise, Petitioner's argument that the due process clause of the Fifth Amendment entitles him to a bond

hearing is foreclosed. See Munn v. City of Ocean Springs, 763 F.3d 437, 441 n.2 (5th Cir. 2014) (noting that an opinion that has been vacated and awaiting rehearing en banc is not binding precedent).

The Court finds, furthermore, that a stay or abeyance of these proceedings while Rodriguez is considered en banc does not serve judicial economy. See Esquivel v. Mullin, No. 1:26cv2000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026) (denying § 2241 petition alleging substantive and procedural due process claims regarding detention pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A) while Rodriguez is awaiting en banc consideration).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Petitioner's Motion for Temporary Restraining Order [ECF No. 3] and Motion to Expedite Consideration of his Petition [ECF No. 11] are hereby denied.

SO ORDERED AND ADJUDGED, this the 23rd day of September, 2026.

/s/David Bramlette
UNITED STATES DISTRICT JUDGE